DEPARTMENT OF NATURAL RESOURCES v BJORK

DEPARTMENT OF NATURAL RESOURCES v BREY

Docket Nos. 78-3936, 78-3937. Submitted May 10, 1979, at Marquette. —Decided January 3, 1980.

Officers of the Department of Natural Resources seized fishing gear belonging to John Bjork and to Henry Brey, Joseph Brey and Patricia Brey and fish which were in the nets when they were raised by the officers from Lake Superior. The DNR then brought complaints against Bjork and the Breys for violation of a regulation which prohibited the use of large mesh gill nets under the defendants' 1974 commercial fishing licenses in the particular area of Lake Superior where the nets were seized. The Alger Circuit Court, William F. Hood, J., entered orders of condemnation and confiscation against the fishing gear and fish. The defendants appeal, alleging that an order of the Delta Circuit Court enjoining the DNR from amending the defendants' 1974 licenses prevented the Alger Circuit Court from exercising jurisdiction over the matter. The cases were consolidated by the Court of Appeals. *Held:*

1. Because the defendants were contesting certain restrictions placed on their 1975 licenses, the 1974 licenses were still in effect at the time of the seizure, and the defendants were obligated to fish in accordance with the provisions of those licenses which included the regulation they were found to have violated,

2. The injunction against amendment of the 1974 licenses does not affect the jurisdiction of the Alger Circuit Court to enter an order punishing the violation of the provisions of those licenses.

Affirmed.

1. COURTS — CIRCUIT COURTS — JURISDICTION — LAKE SUPERIOR — STATUTES.

A circuit court in a county bordering on Lake Superior has

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 78 Am Jur 2d, Waters §§ 69, 70.
[2] 45 Am Jur 2d, Fish and Game § 45.

jurisdiction to hear controversies arising in the waters of Lake Superior adjoining that county (MCL 45.14; MSA 5.290).

2. LICENSES — COMMERCIAL FISHERMEN — STATUTES.

A commercial fisherman may fish in Michigan waters only after obtaining a license and then only in accordance with the provisions of that license (MCL 308.22; MSA 13.1513).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman* and *Donald K. Goulais,* Assistants Attorney General, for plaintiff.

*Green, Renner, Weise, Rettig, Rademacher & Clark,* for defendants.

Before: D. F. WALSH, P.J., and BRONSON and T. M. BURNS, JJ.

D. F. WALSH, P.J. In these consolidated cases defendants appeal the entry of orders of condemnation and confiscation entered against them in the Alger County Circuit Court. It was ordered that large mesh gill nets, anchors, down lines and fish seized by agents of the Michigan Department of Natural Resources be condemned and confiscated.

In March 1978, DNR conservation officers found large mesh gill nets belonging to defendants, who are licensed commercial fishermen. The nets were set through the ice in waters of Lake Superior adjoining Alger County. The nets were set at depths greater than 15 fathoms. The officers raised the nets, which contained lake trout and whitefish. They seized the gear and the fish.

We find no error in the entry of the orders of condemnation and confiscation. At the time of the seizure, defendants' 1974 commercial fishing licenses had not yet expired, since they were con-

testing certain limitations placed on their licenses beginning in 1975. MCL 24.291(2); MSA 3.560(191)(2). Under the 1974 licenses, use of large mesh gill nets at depths greater than 15 fathoms in "Zone 5" of Lake Superior, where defendants' nets were found, was prohibited. 1970-1971 AACS R 299.883. The complaint for violation of the rule restriction was filed pursuant to authority vested in the director of the DNR. The property was properly seized. MCL 300.11, 300.12, 300.14; MSA 13.1221, 13.1222, 13.1224.

The Alger County Circuit Court correctly ruled that it had jurisdiction over the complaints for condemnation and confiscation. MCL 45.14, 300.14; MSA 5.290, 13.1224. We reject defendants' argument that their authority to fish came from an order of the Delta County Circuit Court and that, therefore, jurisdiction lay only in that county. Defendants were charged with violating the statutory requirement that persons desiring to fish in Michigan waters may do so only after obtaining a license and in accordance with the provisions of that license. MCL 308.22; MSA 13.1513. The Delta County order enjoined the DNR from amending defendants' 1974 licenses. Those licenses were, therefore, still in effect and, *by statute,* defendants were precluded from fishing except in accordance therewith.

Affirmed.